UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                  Case No.  8:06-cr-1-T-30MSS

**PERUE PRICE**

_____/

## ORDER

This cause came on for consideration with oral argument upon Defendant Price's Motion to Suppress (Dkt. 16) and the Government's Response in Opposition to the same (Dkt. 21).  For the foregoing reasons, this Court finds Defendant's Motion should be **DENIED**.

### FACTUAL BACKGROUND

On April 3, 2005, Hillsborough County Sheriff Office (hereinafter "HCSO") Deputies received an anonymous citizen's complaint regarding drug activity occurring at 903 East Alabama Street, Plant City, Florida.   Upon arriving at 903 East Alabama Street, HCSO deputies observed several individuals in the parking lot and detected a strong scent of marijuana emanating from the same area.  While making contact with the individuals in the parking lot, HCSO deputies observed Defendant near the door to the building located at 903

East Alabama Street[1] with his hand in his pockets. According to Defendant, at the time HCSO deputies happened upon the individuals in the parking lot, Defendant was exiting the building and locking up his business for the evening.

Upon seeing Defendant with his hands in his pockets, HCSO deputies instructed him five or six separate times to remove his hands from his pockets. Defendant, however, was noncompliant and proceeded to walk toward HCSO deputies with his hands in his pockets.[2] HCSO deputies then approached Defendant, grabbed his hands and pulled them from his pocket.

Defendant's and the Government's version of the events that occurred next vary. Defendant states that in the process of deputies removing his hands from his pocket, they took him to the ground and began searching his pockets. In the course of the search, deputies found a revolver and a small amount of marijuana. Subsequent to the search, Defendant states he was placed under arrest and charged with felon in possession of a firearm and possession of cannabis.

According to the Government, after deputies removed Defendant's hands from his pocket, Defendant was asked to sit on the ground. However, instead of sitting on the ground, Defendant attempted to pull away from HCSO deputies, shoved a deputy and was uncooperative. As a result, deputies put Defendant on the ground and placed him under

---

[1] Defendant owns the business located at 903 East Alabama Street, Right Price Grocery Store and Restaurant.

[2] Defendant indicates in his Motion that he had just placed his keys in his pocket at the time HCSO deputies were instructing him to remove his hands.

arrest for resisting an officer without violence. Only subsequent to his arrest, the Government contends, was Defendant searched.

## DISCUSSION

Defendant alleges in his Motion to Suppress that HCSO deputies' initial stop was unlawful and the firearm and marijuana seized incident to the stop should be suppressed. In response, the Government states the initial stop was a Terry stop and therefore lawful. See Terry v. Ohio, 392 U.S. 1 (1968). Moreover, the Government argues, even assuming the stop was unlawful, the firearm and the marijuana should not be suppressed as they would inevitably have been discovered.

### A.   The Stop.

Under Terry, law enforcement officers are allowed to briefly stop an individual who is reasonably suspected of criminal activity, briefly question him, and perform a limited pat-down frisk for a weapon. Id. at 22-24. In the instant case, deputies responded to an anonymous call that drugs were being dealt and used at Defendant's business establishment. Upon arrival, deputies detected a strong scent of marijuana in the air and decided to investigate. At the time HCSO deputies arrived, Defendant was in the location where the suspected criminal activity was occurring. "While an individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime," Illinois v. Wardlow, 528 U.S. 119, 124 (2000), if the totality of the circumstances are sufficiently suspicious to create a reasonable suspicion, a brief investigatory stop is warranted. See Id at 124-25; United State

of America v. Powell, 222. F.3d 913, 917 (11th Cir. 2000).  The circumstances surrounding the stop, in this Court's estimation, justified HCSO deputies' investigatory stop of Defendant, the deputies responded to a citizen complaint regarding people dealing and doing drugs at the location where Defendant was stopped; upon arrival, deputies detected a strong smell of marijuana in the air coming from the parking lot outside Defendant's business; the Defendant, although at the door of his business, was located in the area of suspected criminal activity.  These circumstances taken in totality, in this Court's opinion, gave rise to a reasonable suspicion that criminal activity was afoot and support an investigation of the persons in the parking lot.  Thus, pursuant to Terry, a brief investigatory stop of those in the area was justified and Defendant's stop was proper.

### B.     The Search.

As stated above, a conflict exists between Defendant's version and the Government's version of the sequence of events preceding HCSO deputies' search of Defendant. According to Defendant, deputies, after instructing him to remove his hands from his pockets, ran towards Defendant, illegally detained him and placed him on the ground.  Thereafter, deputies searched his pockets where they discovered a revolver and a small amount of marijuana.  Defendant argues that because the initial stop was unlawful, the revolver and marijuana found incident to the unlawful stop should be suppressed.  The Government, however, states that Defendant was arrested for resisting an officer without violence and then searched.  The revolver and marijuana were found incident to the lawful arrest.

While this Court acknowledges an issue of fact exists as to when the Defendant was searched, resolution of when the search took place is not determinative of the ultimate issue to be resolved, i.e., whether the search was legal or illegal. In this Court's opinion, the revolver and the marijuana would have been inevitably discovered, irrespective of what version of facts are believed. HCSO deputies responded to a citizen complaint that illegal drug activity was taking place in the parking lot adjacent to Defendant's business. Upon arriving and observing the activities in the parking lot, HCSO deputies had a reasonable articulable suspicion that criminal activity was occurring and decided to conduct an investigation. In the process of conducting that investigation, HCSO deputies, per Terry, could temporarily detain those persons in the parking lot and conduct a pat down of those persons (including Defendant) to ensure their safety. See Terry, 392 U.S. at 29. In Defendant's case, a pat down would have inevitably revealed the revolver in his pocket. Upon the revolver's discovery, Defendant would have been placed under arrest and searched, ultimately revealing the existence of the marijuana.

Because the revolver and the marijuana would have inevitably been discovered, Defendant's Motion to Suppress is denied. See Jefferson v.Fountain, 382 F.3d 1286, 1295 (11th Cir. 2004)(denying a motion to suppress stating "evidence that results from an illegal search or seizure is nonetheless admissible if 'the information ultimately or inevitably would have been discovered by lawful means'") (citing Nix v. Williams, 467 U.S. 431, 444 (1984)).

It is hereby ORDERED and ADJUDGED that Defendant Price's Motion to Suppress (Dkt. 16) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 6, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2006\06-cr-001 Motion to Suppress.frm